UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL FRESH PRODUCE ASSOCIATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, *et al.*, <br><br> *Defendants*. | No. 1:24-cv-00309-HSO-BWR |

**DECLARATION OF WILLIAM G. FRITZ IN SUPPORT OF
A SECTION 705 STAY OR PRELIMINARY INJUNCTION**

EXHIBIT 13

I, William G. Fritz, hereby declare as follows:

1. I am over the age of eighteen. If called as a witness in this action, I could testify to the facts stated herein.

2. I am the owner of Brookside Farms, a farm that grows blueberries. Brookside Farms has been in the agricultural business since 2009 and the Fritz family has continuously farmed its land since 1876. I am authorized to make this declaration on Brookside Farms' behalf. I am personally familiar with the facts stated herein.

3. Brookside Farms is a member of **The North American Blueberry Council**.

4. Brookside Farms owns property and grows blueberries in Gobles, Michigan.

5. I have reviewed and am familiar with the complaint filed in this case. I understand that the lawsuit challenges the Department of Labor's (DOL) final rule on Improving Protections for Workers in Temporary Agricultural Employment in the United States, 89 Fed. Reg. 33,898 (April 29, 2024) (the Rule). I further understand that the Rule creates new obligations with respect to foreign employees certified for temporary agricultural work in the United States through the H-2A visa program. The Rule gives those employees certain rights to collective action and concerted activity. It prohibits farmers from opposing those efforts through direct speech and advocacy. It further limits farmers' ability to respond to noncompliance with employer policies. As I understand it, employers who violate the H-2A program's regulations are subject to significant civil penalties and can face debarment from the program.

6. Brookside Farms is dependent on H-2A workers to operate its farm. It was under contract with a farm labor contractor that employed workers through the H-2A visa program in the 2022 and 2023 seasons and employed them in the 2024 growing season. To meet the labor demands of the farm, I plan to participate in the H-2A visa program again for the 2025 growing season. H-2A workers have been essential for the operations of Brookside Farms, as they provide a reliable and skilled workforce during peak seasons. Without H-2A workers, the farm would not be able to operate during peak harvest season.

7. I hold regular, mandatory, paid meetings with my employees to discuss various subjects, including farm operations, safety protocols, the values and long-term goals of Brookside Farms, and other important information. I have occasion also shared information to ensure that Brookside Farms' workers are well-informed about matters of public concern to the agricultural community. Attendance at these meetings and engagement is typically mandatory, and the time is paid. Workers who refuse to attend meetings are sometimes subject to disciplinary action, which may include reduced hours, shift reassignments, or the like. Maintaining these requirements is crucial for the smooth operation of Brookside Farms and ensure that all employees are adequately trained and informed.

8. I am opposed to unionization and union recruitment activities on my farm. In my view, unionization would disrupt the efficiency and productivity of Brookside Farms' operations. Unions

often demand higher wages and benefits, which threaten the ongoing viability of Brookside Farms which already works with tight gross margins. I therefore oppose allowing H-2A workers to engage in labor organizing activities, particularly while on the premises of Brookside Farms and would not permit them to do so absent the Final Rule. If Brookside Farms had a choice, it would hire only H-2A workers who do not engage in self-organizing activities.

9. Brookside Farms must be able to investigate matters involving employees in a timely and efficient manner, including when the employees are in the fields. Brookside Farms will face obstruction and delays in employee management matters if it forced to permit workers to have a designee present for any investigatory interview that the worker reasonably believes might result in disciplinary action. Waiting to investigate and address such matters will also jeopardize workplace safety and crop quality.

10. Under the Rule, I may not discipline employees for refusing to attend mandatory meetings held to communicate my and Brookside Farms opinions about organizing. I also must suspend my policy of advocating against organizing. Although the regulation states that I must not to intimidate, threaten, coerce, or in any manner discriminate against employees because of their exercise of the new rights created by the Rule, I do not know when the expression of my own views or opinions on these topics will be interpreted in that way. I therefore will generally stop talking with my employees about unionizing.

11. Brookside Farms and its staff will need to familiarize themselves with the Final Rule and implement its provisions, resulting in either a time cost or a financial cost if Brookside Farms determines instead to outsources these tasks to an attorney or human resources manager.

12. I grow blueberries, the peak picking season for which is June through September. The farm labor contractor typically files the application for H-2A workers in the fourth quarter of the previous year. If the Court does not enter relief by around November 1, 2024, I and Brookside Farms will have to expend substantial time and resources coming into compliance with the Rule, including by accommodating organization activities on the farm, accommodating worker representatives, and staying quiet and not communicating my opinion on these important topics. An order of the Court staying or vacating the Rule would redress these harms.

I declare under penalty of perjury that the foregoing is true and correct.

Signed: _William Futz_

Date: October 7, 2024