# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| International Fresh Produce Association, American Farm Bureau Federation, Mississippi Farm Bureau Federation, Stone County Farm Bureau, Chamber of Commerce of the United States of America, AmericanHort, Florida Fruit & Vegetable Association, North American Blueberry Council, Texas International Produce Association, U.S. Apple Association, and the State of Mississippi, <br><br>            Plaintiffs, <br><br> v. <br><br> United States Department of Labor; Julie Su, Acting U.S. Secretary of Labor, *in her official capacity*; Jose Javier Rodriguez, Assistant Secretary for Employment and Training, U.S. Department of Labor, *in his official capacity*; and Jessica Looman, Administrator of the Wage & Hour Division, U.S. Department of Labor, *in her official capacity*, <br><br>            Defendants. | Civ. No. 1:24cv309-HSO-BWR |

**MOTION OF CENTRO DE LOS DERECHOS DEL MIGRANTE AND CANDELARIO RODRIGUEZ SERRANO FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A SECTION 705 STAY OR PRELIMINARY INJUNCTION**

Centro de los Derechos del Migrante (CDM) and Candelario Rodriguez Serrano hereby move for leave to file the attached brief as amici curiae in opposition to Plaintiffs' motion for a section 705 stay of or preliminary injunction against the Department of Labor's 2024 rule regarding the H-2A temporary agricultural employment program. Movants' counsel have conferred with the parties' counsel, who have advised that Plaintiffs take no position on the motion and that Defendants do not oppose the motion.

A. Movants are a nonprofit organization that works on behalf of migrant workers and two migrant workers who have participated in the H-2A program.

Movant CDM is a nonprofit organization with offices in the United States and Mexico, focused on promoting migrant workers' rights under U.S. law. Since its founding in 2005, CDM has worked with thousands of H-2A workers, as well as domestic workers in corresponding employment and workers on other kinds of visas, in various capacities. CDM provides legal services to workers and, together with other partners, conducts outreach and education regarding health and community resources. CDM has experienced obstacles in conducting this work due to workers' fears of retaliation and employer intimidation, and restrictions on access to employer-provided housing. CDM has also convened the Comité de Defensa del Migrante (Migrant Defense Committee, or "Comité"), a group of current and former migrant workers in the H-2A and other programs. The Comité, which does not engage in collective bargaining, works to empower and organize migrant workers at work in the United States and in their home communities, to create a culture of informed migration, and to center migrant workers' perspectives in conversations about policies that affect them. Fear of retaliation constrains some Comité members' ability to carry out the organizing and educational activities that are central to the Comité's mission. CDM submitted comments as part of the rulemaking at issue in this action, both in an individual capacity and as part of a coalition.[1]

---

[1] *See* CDM, Comment re: Doc. No. ETA-2023-0003 Improving Protections for Workers in Temporary Agricultural Employment in the United States, Nov. 14, 2023, https://www.regulations.gov/comment/ETA-2023-0003-0290; Farmworker Justice and Other Migrant and Seasonal Farmworker Organizations, Comment re: Doc. No. ETA-2023-0003 Improving Protections for Workers in Temporary Agricultural Employment in the United States (RIN 1205-AC12), Nov. 14, 2023, https://www.regulations.gov/comment/ETA-2023-0003-0296.

Movant Candelario Rodriguez Serrano Candelario Rodriguez Serrano is a Mexican national who has performed seasonal work in the United States under the H-2A program and intends to continue to do so. In his prior H-2A work, he experienced poor treatment by employers, including delayed wages, withholding of his passport, unsafe transportation, retaliation for complaints about working conditions on behalf of himself and others, and restrictions on his ability to access government services.

The challenged rule eliminates certain obstacles that CDM has encountered in conducting its work, and makes it easier to connect H-2A workers with important services. The rule would also ensure that H-2A workers like Mr. Rodriguez Serrano are not taken advantage of and required to work under conditions that are significantly worse than those typically provided to domestic workers.

CDM and Mr. Rodriguez Serrano were granted to leave to file a brief as amicus curiae in another pending challenge to the 2024 H-2A Rule. *See* ECF 81, *Kansas v. U.S. Dep't of Labor*, No. 2:24-cv-00076 (S.D. Ga. July 19, 2024).

**B.** Although neither the Federal Rules of Civil Procedure nor this Court's local rules specifically address amicus curiae briefs, "[d]istrict courts look to Federal Rule of Appellate Procedure 29 for guidance concerning the standards for filing an amicus brief." *Republican Nat'l Comm. v. Wetzel*, No. 1:24CV25-LG-RPM, 2024 WL 988383, at *5 (S.D. Miss. Mar. 7, 2024). Under that rule, the key factors are "whether the proffered information is timely or useful or otherwise necessary to the administration of justice." *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019) (quoting *U.S. ex rel Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007)). "[C]ourts would be 'well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not

3

meet Rule 29's criteria as broadly interpreted.'" *Smith v. Hosemann*, No. 3:01-CV-855-HTW-DCB, 2022 WL 2168960, at *3 (S.D. Miss. May 23, 2022) (quoting *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021)).

Applying this standard, this Court and other district courts within the Fifth Circuit regularly allow the filing of amicus briefs. *See, e.g.*, *Slaughter v. Dobbs*, No. 3:20-cv-789-CWR-FKB, 2021 WL 6804212, at *2 (S.D. Miss. Sept. 2, 2021); *Conner v. Alltin, LLC*, 571 F. Supp. 3d 544, 570 (N.D. Miss. 2021); *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019); *Cazorla v. Koch Foods of Miss.*, No. 3:10-cv-135-DPK-FKB, 2014 WL 263151, at *3 (S.D. Miss. May 23, 2014).

As in those cases, the proposed amicus brief satisfies the timely and useful standard. First, the brief is being submitted while briefing on the preliminary injunction motion is under way, and more than two weeks prior to the scheduled hearing. Its consideration will not delay the proceedings, is not too late to be useful to the Court, and will not otherwise prejudice the parties. Second, the brief's substance will aid this Court in its consideration of Plaintiffs' motion for a preliminary injunction. It provides fuller statutory context for the H-2A program and explains how the challenged provisions of the Department of Labor's 2024 Rule are within the agency's authority to regulate practices that have an adverse effect on the wages and working conditions of domestic workers.

## CONCLUSION

For the foregoing reasons, the motion for leave to file the attached brief as amici curiae should be granted.

Dated: November 1, 2024

Robert McDuff
MS Bar 25332
Mississippi Center for Justice
Jackson, MS 39215
(601) 259-8484
rbm@mcdufflaw.com

Respectfully submitted,

*/s/ Adam R. Pulver*
Adam R. Pulver
*Admitted *pro hac vice*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

*Counsel for Proposed Amici Curiae Centro de los Derechos del Migrante (CDM) and Candelario Rodriguez Serrano*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of November, 2024, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                              */s/ Adam R. Pulver*
                              Adam R. Pulver